1                                                          O

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

12   MANSOUR LALEZARI,            )    CV 18-8743-RSWL-MAA
                                  )
13              Plaintiff,        )    **ORDER re: Plaintiff's**
                                  )    **Motion for Order**
14        v.                      )    **Amending the Pretrial**
                                  )    **Scheduling Order and**
15                                )    **Permitting Plaintiff to**
                                  )    **File a First Amended**
16   GREENFIELD CHATEAU; CONNIE   )    **Complaint** [25]
     MANDEL; ZOLTAN KASLER; and   )
17   DOES 1 through 5,            )
                                  )
18                                )
                Defendants.       )
19                                )
                                  )
20                                )

21        Plaintiff Mansour Lalezari ("Plaintiff") brings

22   this Action against Defendants Greenfield Chateau,

23   Connie Mandel, Zoltan Kasler, and Does 1-5

24   (collectively "Defendants") for Fair Housing Act,

25   California Fair Employment and Housing Act, negligence,

26   and California Disabled Persons Act claims.  Before the

27   Court is Plaintiff's Motion for Order Amending the

28   Pretrial Scheduling Order and Permitting Plaintiff to

File a First Amended Complaint ("Motion") [25]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Plaintiff's Motion.

## I. BACKGROUND

## A. Factual Background

Plaintiff resides in a condominium located at 1508 Greenfield Avenue, Los Angeles, California 90025 (the "Building" or "Greenfield"). Compl. ¶ 3, ECF No. 2. Plaintiff alleges that he is handicapped as defined by the Fair Housing Act and physically disabled as defined by the California Fair Employment and Housing Act and the California Government Code. Id. ¶ 8. Plaintiff asserts that he was initially assigned to parking space 8 in the Building, but was then relocated to an inaccessible spot, parking space 33. Id. ¶¶ 9–10. Plaintiff requested reasonable accommodations so that he could park in an accessible space, and had his physician send a letter to the Building owners or managers on his behalf. Id. ¶¶ 12–14. Despite these requests, the Building owners or managers refused to accommodate Plaintiff and informed him that he "must begin parking in [space 33] today" and that his car would be "cited and towed" if he continued to park in Space 8. Id. ¶ 15

Consequently, on October 10, 2018, Plaintiff filed this Action against the Building—Greenfield Chateau, and who he thought were the owners or managers of the

Building, Connie Mandel and Zoltan Kasler.[1] See generally Compl. After the deadline to amend pleadings had passed, during the deposition of Connie Mandel, Plaintiff learned that Greenfield is only the name of the Building and not a legal entity, and that the Building is actually owned by other entities and individuals. Now, Plaintiff seeks leave of the Court to file a First Amended Complaint ("Proposed FAC") that will add the following entities and individuals—the alleged true owners of the Building—as defendants: Mandel Asset Management, LLC; LenLib, Inc.; Leonard Rosenblatt; Libby Markowitz; Connie Mandel as trustee of the Stefan and Ella Mandel Living Trust; and Bruce Mandel individually and as trustee of the Stefan and Ella Mandel Living Trust (collectively, "Proposed Defendants"). See generally Pl.'s Mot. ("Mot."), ECF No. 25. Plaintiff also requests that the Court permit him to add a claim for fraudulent transfer. Id.

**B. Procedural Background**

Plaintiff filed his Complaint [2] in the Central District of California on October 10, 2018, alleging: (1) violation of the Fair Housing Act, (2) violation of the California Fair Employment and Housing Act, (3) Negligence, and (4) Violation of the California

---

[1] Plaintiff also brought the Action against Does 1 through 5, stating "Plaintiff believes that Greenfield Chateau may be an unregistered fictitious business name for a different entity, person, or group of people, who are the true owners of the Building, or alternatively, are agents of the true owners of the Building." Compl. ¶ 7.

Disabled Persons Act. On January 24, 2019, the Court entered a Pretrial Scheduling Order [15] setting March 1, 2019 as the deadline to amend pleadings. Plaintiff filed the instant Motion for Order Amending the Pretrial Scheduling Order and Permitting Plaintiff to File a First Amended Complaint [25] on May 15, 2019. Defendants filed their Opposition [31] on May 28, 2019. Plaintiff filed his Reply [33] on May 31, 2019.

## II. DISCUSSION

**A. <u>Legal Standard</u>**

After a court enters a pretrial scheduling order, a party seeking to amend pleadings must satisfy two procedural hurdles. First, a movant must establish that amendment or supplementation is proper pursuant to Federal Rule of Civil Procedure ("Rule") 16, which provides that a pretrial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992)(quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

If a movant establishes "good cause," then the second hurdle requires the movant to demonstrate that

4

the amendment is proper under Rule 15. <u>Johnson</u>, 975
F.2d at 608. Rule 15(a)(2) specifically concerns
amending pleadings, and instructs courts to "freely
give leave [to amend] when justice so requires." Fed.
R. Civ. P. 15(a)(2). Rule 15(d) concerns supplementing
pleadings, and states that "the court may, on just
terms, permit a party to serve a supplemental pleading
setting out any transaction, occurrence, or event that
happened after the date of the pleading to be
supplemented." Fed. R. Civ. P. 15(d).

Although the Ninth Circuit has not explicitly
addressed the issue, courts have consistently held that
"[t]he legal standard for granting or denying a motion
to supplement under Rule 15(d) is the same as for
amending one under 15(a)." <u>Lyon v. United States</u>
<u>Immigration & Customs Enforcement</u>, 308 F.R.D. 203, 214
(N.D. Cal. 2015)(quotations omitted). Generally,
courts apply Rule 15 with "extreme liberality." <u>Owens</u>
<u>v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 712
(9th Cir. 2001) (quotation omitted). Five primary
factors are relevant in determining whether to permit a
party to amend or supplement a pleading under Rule 15:
"(1) undue delay, (2) bad faith or dilatory motive on
the part of the movant, (3) repeated failure of
previous amendments, (4) undue prejudice to the
opposing party, and (5) futility of the amendment."
<u>Lyon</u>, 308 F.R.D. at 214 (citing <u>Forman v. Davis</u>, 371
U.S. 178, 182 (1962)).

5

**B.  Discussion**

    1.  <u>Procedural Arguments</u>

At the outset, Defendants assert that Plaintiff's Motion should be denied because it is riddled with procedural errors: Plaintiff mistakenly requests leave to amend the Complaint, as opposed to leave to supplement the Complaint; Plaintiff fails to argue that joinder of the proposed defendants is proper under Rule 20; and Plaintiff failed to comply with Local Rule 7-3 by conferring with counsel prior to filing his Motion.

The Court finds that none of these alleged errors prevent the Court from evaluating the merits of Plaintiff's Motion.  First, Plaintiff's Motion requests both that the Court amend the Complaint—to name new defendants—and supplement the Complaint—to add a cause of action that arose after the Complaint was filed. Thus, both Rule 15(a) and Rule 15(d) are at play. Moreover, courts have routinely found that "the standard for Rule 15(d) supplementation and Rule 15(a) amendment are the same" and "[t]hus, the Court [may] analyze Plaintiff's requests together." <u>Acosta</u>, 325 F.R.D. at 330.

Second, Defendants are correct in pointing out that Rule 20 is relevant to determining who may be joined as a party in an Action.  However, Plaintiff's reliance on Rule 15(a) is not misplaced.  <u>See</u> <u>Desert Empire Bank v. Ins. Co. of North America</u>, 623 F.2d 1371, 1374 (9th Cir. 1980) ("In conjunction with Rule 15, Rule 20 . . .

allows the permissive joinder of parties, and in particular of party defendants . . . ").  While Plaintiff does not directly address Rule 20 in his Motion, Plaintiff has provided the Court with sufficient information to make a determination as to whether joinder of the Proposed Defendants is proper under both Rule 20 and Rule 15.  Thus, Plaintiff's failure to explicitly reference Rule 20 will not prevent the Court from addressing the merits of Plaintiff's request to add the Proposed Defendants.

Third, while the parties dispute whether the Local Rule 7-3 meeting occurred, there is no dispute that counsel for the parties met on March 25, April 25, and May 3.  Plaintiff's counsel does not specifically state that she informed Defendants' counsel of her intent to file the instant Motion, but Plaintiff's counsel does declare that at each meeting, she asked Defendants' counsel to stipulate to allow Plaintiff to file an amended Complaint.  See Second Decl. of JoAnne E. Belisle ("Second Belisle Decl.") ISO Reply ¶¶ 6-8, ECF No. 33.  Ordinarily, this would be insufficient to satisfy the requirements of Local Rule 7-3.  However, given that Defendants were on notice that Plaintiff was seeking to include the newly named defendants, and in the interest of preventing undue delay, the Court exercises its discretion to excuse Plaintiff's violation in this case.  See Sound N Light Animatronics Co., LTD v. Cloud b, Inc., No. CV 16-05271-GHK (JPRx),

2016 WL 7635950, at *3 (C.D. Cal. Nov. 10, 2016)("Although we exercise our discretion to excuse SNL's violation in this case, we emphasize that the parties are _required_ to comply with the Local Rules.").

Given that the Court finds that the alleged procedural deficiencies do not warrant dismissing the Motion, the Court proceeds to address the merits of Plaintiff's Motion.

   2.  Rule 16

The Court first addresses whether Plaintiff has established "good cause" to modify the Pretrial Scheduling Order by permitting Plaintiff to amend and supplement his Complaint. See Fed. R. Civ. P. 16. "Good cause" is established where the movant was diligent in seeking an amendment. Johnson, 975 F.2d at 609 ("The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.").

On January 24, 2019, the Court issued the Pretrial Scheduling Order, setting the deadline to amend pleadings as March 1, 2019. ECF No. 15. Plaintiff claims he was unable to comply with this deadline since he learned for the first time on March 21, 2019, during the deposition of Defendant Connie Mandel, that Greenfield is not a legal entity but "just the name of the building" and that in reality, the property is "owned by two LLCs . . . one is Mandel Asset Management

and the other is LenLib." Mot., Ex. C,[2] Connie Mandel
Dep., 15:15-23, 26:6-23, ECF No. 25. Plaintiff alleges
that during further discussions with Defendants'
counsel via email on May 2, 2019, it was revealed that
Connie Mandel was mistaken in referring to LenLib as an
LLC, and it is actually LenLib, *Inc.* See Belisle Decl.
¶ 10; Mot., Ex. D.[3] Plaintiff also learned through
email discussions with Defendants' counsel on May 13,
2019, that Greenfield is currently owned by the Stefan
and Ella Mandel Living Trust and LenLib, Inc. See id.
¶ 12; Mot., Ex. D. Two days later, on May 15, 2019,
Plaintiff filed the instant Motion seeking to name as
defendants Mandel Asset Management, LLC; LenLib, Inc.;
Stefan and Ella Mandel Living Trust; and the
individuals who allegedly own or control these entities
(i.e. Leonard Rosenblatt, Libby Markowitz, Connie
Mandel as trustee, and Bruce Mandel individually and as
trustee). See generally Mot. Plaintiff also requests
that the Court permit Plaintiff to add a fraudulent
transfer cause of action based on the transfer of
ownership of Greenfield from Mandel Asset Management,
LLC and LenLib, Inc. to the Stefan and Ella Mandel

---

[2] Plaintiff attaches two different exhibits both entitled
"Exhibit C" to his Motion. See ECF No. 25. The deposition
transcript of Connie Mandel is reflected in the second "Exhibit
C."

[3] Plaintiff attaches two different exhibits both entitled
"Exhibit D" to his Motion. See ECF No. 25. The email exchange
between Plaintiff's counsel and Defendants' counsel regarding
ownership of Greenfield appears in the second "Exhibit D."

Living Trust and LenLib, Inc. after the commencement of this Action.  Id.

Plaintiff fails to directly address Rule 16. Nonetheless, Plaintiff avers that he was diligent in seeking to amend the Complaint, and that Defendants intentionally misled Plaintiff to believe that Greenfield was the owner of the Building, while hiding the true identities of the Building owners.  For example, on February 4, 2019, Plaintiff's counsel propounded discovery on Defendants requesting that they "IDENTIFY all owners of the PROPERTY during the PERTINENT PERIOD" and served a Request for Production of Documents requesting that Defendants "[p]roduce any and all WRITINGS referring to, relating to, or evidencing ownership of the PROPERTY during the previous five years."  Belisle Decl. ¶ 4.  In response, Defendants refused to identify the owners or produce any documents, and served only objections to the discovery requests on the grounds that the discovery "seeks Responding Party's non-public financial information."  Id.  Plaintiff also cites other examples of Defendants hiding the owners' identities, including: acting as if Greenfield were a legal entity by filing an Answer to the Complaint and responding to discovery; failing to identify the owners in a Notice of Interested Parties pursuant to Local Rule 7-1; and failing to timely or adequately respond to Plaintiff's counsel's emails requesting information about the

owners.  See generally Belisle Decl.; Mot., Ex. D.

Due to Defendants' evasive behavior, Plaintiff was unable to timely obtain information regarding the identities of the owners of Greenfield.  Without knowing who owned Greenfield at the time the events alleged in the Complaint occurred, and who owns Greenfield now, Plaintiff could not have known of the potential to assert a fraudulent transfer cause of action.  Thus, Plaintiff has made a sufficient showing that he was diligent in seeking an amendment.

Despite this, Defendants fail to provide any explanation as to why they refused to timely answer Plaintiff's discovery requests, identify the true Building owners in a Notice of Interested Parties, timely respond to Plaintiff's email requests for information, or otherwise respond to Plaintiff's allegation that they concealed the true identities of the owners until after the deadline to amend pleadings. See Acosta v. Augstin Electric Services LLC, 325 F.R.D. 325, 329 (D. Ariz. 2018)("Simply, a party cannot 'hide the ball' during discovery when requests have been made.").  Instead, Defendants argue that it is unclear why Plaintiff is seeking to amend the Pretrial Scheduling Order, and there is no good cause to permit amendment since "Plaintiff's supplemental pleading is improper, futile, and should be denied."  Opp'n at 13:6-9.  However, without any evidence revealing that Plaintiff was not diligent in procuring information

about the Building owners, Defendants' conclusory argument is insufficient. Thus, based on the evidence provided to the Court, the Court finds that there is "good cause" to modify the Pretrial Scheduling Order to permit Plaintiff to file the Proposed FAC.

### 3. Rule 15

The next issue is whether the proposed amendment and supplement to the Complaint is proper under Rule 15.

#### a. *Proposed Defendants*

Plaintiff seeks to add the following as defendants to this Action: (1) Mandel Asset Management, LLC; (2) LenLib, Inc.; (3) Connie Mandel (who has already been named in her individual capacity), as trustee of the Stefan and Ella Mandel Living Trust dated February 5, 1999, as amended; (4) Bruce Mandel, individually and as trustee of the Stefan and Ella Mandel Living Trust dated February 5, 1999, as amended; (5) Leonard Rosenblatt; and (6) Libby Markowitz.[4] See Mot., Ex. A ("Proposed FAC") ¶¶ 5-10, ECF No. 25.

First, the Court evaluates whether amending the Complaint to add the Proposed Defendants is proper

---

[4] Plaintiff alleges that the true owners of Greenfield at the time of the events alleged in the Complaint were Mandel Asset Management, LLC (controlled by Connie Mandel and Bruce Mandel) and LenLib, Inc. (controlled by Leonard Rosenblatt and Libby Markowitz), and that ownership was transferred to LenLib, Inc. and Connie Mandel and Bruce Mandel as trustee of the Stefan and Ella Mandel Living Trust dated February 5, 1999, as amended, after Plaintiff filed this Action. See Mot. at 2:4-11.

under Rule 20. In relevant part, Rule 20 provides that persons may be joined in an action as defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "Joinder is to be construed liberally 'in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits.'" North Face Apparel Corp. v. Dahan, No. CV 13-04821 MMM (MANx), 2014 WL 12596716, at *4 (C.D. Cal. March 14, 2014)(quoting League to Save Tahoe v. Tahoe Reg. Plan Agency, 558 F.2d 914, 917 (9th Cir. 1977)).

Here, the Proposed Defendants are the former and current owners of Greenfield. Plaintiff's Proposed FAC asserts all causes of action, including the new fraudulent transfer cause of action, against the Proposed Defendants. See Mot., Ex. A[5] ("Proposed FAC"), ECF No. 25. As stated by Plaintiff: "[b]ecause each of the prior *and* current owners and managers refused to grant Plaintiff's reasonable accommodation request during that seven month period and refused to engage in the interactive process, *they are each liable for their*

---

[5] Plaintiff attaches two different exhibits both entitled "Exhibit A" to his Motion. See ECF No. 25. The Proposed FAC is reflected in the first "Exhibit A."

*fair housing violations.*" Reply at 4:15-20 (emphasis added). Because the claims asserted against the Proposed Defendants are the very claims that already exist in the Complaint, the Court finds the relatedness requirements of Rule 20 are satisfied.[6]

Second, the Court applies the Rule 15 factors to determine whether naming the Proposed Defendants is proper. As discussed, Plaintiff did not delay in moving to add the Proposed Defendants. Rather, the evidence reveals that Defendants failed to reply to Plaintiff's requests for information about the true owners of Greenfield. Once Plaintiff learned of their identities in May 2019, he immediately filed the instant Motion. Moreover, the evidence does not establish that Plaintiff is acting in bad faith or with dilatory motive; rather, it is common sense that in order for Plaintiff to properly seek recovery, Plaintiff must bring his claim against the actual owners of Greenfield.

Further, Permitting these entities/individuals to be named as defendants will not cause undue prejudice

---

[6] Even where the specific requirements of Rule 20 are satisfied, "a trial court must also examine other relevant factors in a case in order to determine whether permissive joinder of a party will comport with the principles of fundamental fairness." Desert Empire Bank, 623 F.2d at 1375. However, because the relevant factors "overlap with several of the factors a court must analyze in determining whether to grant leave to amend under Rule 15 . . . . the court analyzes the Rule 15 and Rule 20 factors in tandem below." North Face Apparel Corp., 2014 WL 12596716, at *6.

to Defendants.  Defendants have been aware of this Action since October 2018, <u>see</u> ECF Nos. 1, 8, and from the get-go Plaintiff has made it clear that he intends to bring the Action against the true owners of Greenfield once he learns their identities.  For instance, Plaintiff alleges the following in his Complaint: "DOES 1 through 5 are so named because Plaintiff believes that Greenfield Chateau may be an unregistered fictitious business name for a different entity, person, or group of people, who are the true owners of the Building, or alternatively, are agents of the true owners of the Building.  Therefore, Plaintiff . . . will move the Court for leave to amend the Complaint once the true names and capacities of DOES 1 through 5 become known to Plaintiff."  Compl. ¶ 7.  Prior to the deadline to amend the Pretrial Scheduling Order, Plaintiff acted consistently with his stated intent—Plaintiff continuously inquired about the true owners of Greenfield.  Once Plaintiff learned this information, Plaintiff filed the instant Motion.  Thus, allowing Plaintiff to add the Proposed Defendants will not unduly prejudice them or the existing Defendants.

Finally, Defendants argue that at the very least, the Court should deny Plaintiff's request to add Leonard Rosenblatt, Libby Markowitz, and Bruce Mandel because they cannot be liable in this suit given that, at the time of the events alleged in the Complaint, Greenfield was a general partnership between LenLib,

Inc. and Mandel Asset Management, LLC, and thus only these general partners could be liable for a claim against Greenfield. <u>See</u> Opp'n at 12:6-18. However, Plaintiff alleges that Mandel Asset Management, LLC was controlled by Connie Mandel and Bruce Mandel, and that LenLib, Inc. was controlled by Leonard Rosenblatt and Libby Markowitz. Mot. at 2:4-7. Thus, at this juncture, and without more information, the Court cannot conclude that as against these individuals, "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." <u>Miller v. Rykoff-Sexton</u>, 845 F.2d 209, 214 (9th Cir. 1988). As such, the Court is not persuaded that permitting Plaintiff to add these defendants would be futile. In sum, the Court permits Plaintiff to amend the Complaint by naming the Proposed Defendants.

        b. *Fraudulent Transfer Cause of Action*

As with Plaintiff's request to add the Proposed Defendants, Plaintiff did not delay in seeking to supplement the Complaint with the fraudulent transfer cause of action. Specifically, Plaintiff was unable to ascertain the owners of Greenfield prior to the deadline to amend pleadings, and thus could not have known that a fraudulent transfer cause of action may have been applicable. Plaintiff filed the Motion two days after receiving information establishing that ownership of Greenfield had been transferred at some

point after the event alleged in the Complaint took place.

Defendants argue that Plaintiff is seeking to add the fraudulent transfer claim in bad faith. In support, Defendants claim they have tried to work with Plaintiff to settle the case, but Plaintiff's demands are unreasonable. Defendants assert that Plaintiff has not responded to Defendants' last settlement offer, and has since acted with a transparent motive to rack up legal fees and pressure Defendants to grant his requests. However, Plaintiff's reasonableness during settlement negotiations is irrelevant to the issue of whether Plaintiff brings the instant Motion in bad faith. <u>North Face Apparel Corp.</u>, 2014 WL 12596716, at *9 (quotations omitted)("Finding bad faith requires courts to focus on the plaintiff's motive for not amending the complaint to assert the proposed new claims earlier . . . ."). Defendants shared information with Plaintiff revealing that a fraudulent transfer cause of action may apply, and Plaintiff immediately asked Defendants to stipulate to allow Plaintiff to file an amended Complaint. Defendants refused, and within days Plaintiff filed the instant Motion. This is Plaintiff's first amendment or supplementation to the Complaint, and no other evidence reveals that the Motion was brought in bad faith.

Defendants argue that adding a fraudulent transfer claim would delay trial, interject new issues, require

additional discovery, and prejudice Defendants.  On the other hand, Plaintiff alleges that allowing Plaintiff to add the additional cause of action would promote judicial efficiency by allowing Plaintiff to resolve all of his claims against Defendants in one action. The Court agrees with Plaintiff.  Even if a fraudulent transfer claim is distinct from the discrimination and negligence claims, it is nonetheless intertwined with this case—Plaintiff alleges that the fraudulent transfer occurred only after Plaintiff filed his Complaint and that it was done in order for the original owners to evade judgment.  See Proposed FAC ¶ 46.  Permitting Plaintiff to add the fraudulent transfer claim now will thus further the goal of ensuring an "economic and speedy disposition of this entire controversy."  Keith v. Volpe, 858 F.2d at 475 (quotations omitted).  According to the Pretrial Scheduling Order, discovery has closed as recently as July 23, 2019, motion filing cut-off is set for August 20, 2019, and trial is set to occur November 12, 2019. ECF No. 15.  While discovery may need to be re-opened for the limited purpose of ascertaining information regarding the transfer of ownership of Greenfield, none of the other deadlines should be significantly impacted and Plaintiff even assures that he is not seeking to postpone the trial.  Nonetheless, "additional expense and discovery is insufficiently prejudicial to deny a proposed amended complaint when the new facts came to

light after the prior complaint was filed." <u>TaiMed</u>
<u>Biologics, Inc. v. Numoda Corp.</u>, No. C 10-03260 LB,
2011 WL 1630041, at *3 (N.D. Cal. Apr. 29, 2011).  Had
Defendants been forthcoming with the relevant
information asked of them by Plaintiff regarding
ownership of Greenfield earlier, Plaintiff would have
had the requisite information to seek to add the
fraudulent transfer claim before the close of
discovery.  Thus, any prejudice that Defendants may
experience is a result of their own deficiencies.

Finally, the Court evaluates the futility of
permitting Plaintiff to add the fraudulent transfer
cause of action.  Pursuant to California Civil Code §
3439.04, a plaintiff creditor can either pursue an
action for actual fraud or constructive fraud.  <u>See</u>
Cal. Civ. Code § 3439.04; <u>Donell v. Kowell</u>, 533 F.3d
762, 770 (9th Cir. 2008)("There are two theories under
which a [creditor] may proceed under [section 3439.04]:
actual fraud or constructive fraud.").  Actual fraud
requires a plaintiff to show "actual intent to hinder,
delay, or defraud any creditor of the debtor."  Cal.
Civ. Code § 3439.04(a)(1).  Constructive fraud requires
a plaintiff to "show[] that the debtor transferred
property or incurred an obligation 'without receiving
equivalent value in exchange' *and* . . . either the
debtor was 'engaged or was about to engage in a
business or a transaction for which the remaining
assets of the debtor were unreasonably small in

relationship to the business or transaction,' or the debtor 'intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due." <u>Sanger v. Ahn</u>, 2019 WL 174976, at *7 (N.D. Cal. Jan. 11, 2019) (quoting cal. Civ. Code § 3439.04(a)(2)).

Defendants assert that Plaintiff's fraudulent transfer claim fails because Plaintiff does not identify the type of fraudulent transfer Plaintiff is asserting (actual or constructive), and Plaintiff does not explain how LenLib, Inc. and its owners (Leonard Rosenblatt and Libby Markowitz) could be liable for fraudulent transfer when they still retain ownership over the Building. Plaintiff fails to directly respond to these allegations. The Court agrees with Defendants that as pled in the Proposed FAC, Plaintiff fails to state a plausible claim for fraudulent transfer. Plaintiff does not identify which type of fraudulent transfer he is claiming, or any facts establishing his claim under either theory. Instead, Plaintiff makes conclusory allegations reiterating the rules for both actual and constructive fraudulent transfer, without any factual support to show that his claim is plausible. <u>See</u> Mot., Ex. A ¶¶ 46-47. Moreover, Plaintiff fails to indicate how LenLib, Inc. and its owners could be liable for fraudulent transfer when they still retain ownership in the Building. Thus, at this juncture, Plaintiff has failed to state a

plausible claim for fraudulent transfer. Nonetheless, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir.1988). Without more information, the Court cannot say that there is no set of facts that Plaintiff could assert in order to state a plausible claim to relief.

In sum, the factors weigh in favor of permitting the fraudulent transfer claim to be supplemented in the Complaint. Thus, the Court exercises its discretion to permit Plaintiff to file the Proposed FAC naming the Proposed Defendants and adding a claim for fraudulent transfer. See Keith, 858 F.2d at 473 (citations omitted) ("Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings. The rule [15] is a tool of judicial economy and convenience. Its use is therefore favored.").

4. Sanctions

Defendants contend that they are entitled to monetary sanctions pursuant to Rule 11 because Plaintiff's Motion is frivolous and is not based in fact or law and is being presented for an improper purpose. For all of the reasons previously stated with respect to the merits of Plaintiff's Motion, the Court rejects Defendants' request for sanctions.

///

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Amend the Pretrial Scheduling Order and to file the Proposed FAC. Plaintiff must file his FAC within 10 days of the date of this Order. Defendants shall file their Answer to the FAC within 10 days of Plaintiff's filing of his FAC. All other dates currently on calendar are hereby vacated.[7] The parties shall meet and confer as to any anticipated new deadlines and shall file their stipulated dates for the Court to review no later than August 13, 2019.

**IT IS SO ORDERED.**

RONALD S.W. LEW

DATED: July 31, 2019

_____

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

---

[7] Accordingly, the parties' Joint Stipulation for Extension of Time to File Motion for Summary Judgment [45] is **MOOT.**